Eastern District of Kentucky
**F I L E D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

JUN 2 9 2012

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

WILLIAM B. WALKER,               )
                                 )
        Plaintiff,               )        Civil Action No. 11-255-KKC
                                 )
V.                               )
                                 )
PERRY T. RYAN, et al.,           )        **MEMORANDUM OPINION**
                                 )        **AND ORDER**
        Defendants.              )

         **       **       **       **       **

     William B. Walker is an individual currently incarcerated at the Eastern Kentucky Correctional Complex in West Liberty, Kentucky. Walker, proceeding without counsel, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, complaining that a state attorney and circuit court judge acted improperly during his state habeas proceedings, and that a warden wrongly deprived him of his property. [R. 2] The Court has granted his motion to pay the filing fee in installments by prior Order. [R. 5]

     Because Walker has been granted permission to pay the filing fee in installments and asserts claims against government officials, the Court conducts a preliminary review of his complaint. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts Walker's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or

malicious, (b) fails to state a claim upon which relief can be granted, or (c) seeks monetary damages from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint fails to state a claim unless its sets forth sufficient factual matter which, if accepted as true, would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged; it is not enough to allege facts that are "merely consistent with" a defendant's liability. *Ashcroft v. Iqbal*, 552 U.S. 662, 678 (2009). Having reviewed the complaint, the Court must dismiss it because Walker has not stated a viable claim against any of the named defendants.

## BACKGROUND

On December 8, 1998, Walker was convicted of multiple offenses in Warren Circuit Court and is currently serving prison sentences for these offenses that total 180 years. Walker did not directly appeal his convictions, but instead filed numerous post-conviction motions, petitions for writ of mandamus and/or prohibition, petitions for writs of habeas corpus, and appeals in the state courts. He also filed several federal petitions for writs of habeas corpus in the Western District of Kentucky. In all, Walker has filed at least fifty actions for post-conviction relief in the federal and state courts concerning his convictions in Warren Circuit Court. [R. 7-1, p. 2] Walker has also filed two prior civil rights actions in this Court related to his convictions in Warren Circuit Court.

In the present action, Walker claims that Perry T. Ryan, Assistant Attorney General of Kentucky, (1) injected an unauthorized "counterclaim" in his habeas corpus action pending in Boyle Circuit Court, resulting in the petition being denied; (2) deprived him of his right of access to the courts and of his liberty and property interest in his inmate account without due process of law; (3) denied him equal protection of the laws, and (4) violated 42 U.S.C. § 407 by wrongfully seizing his

2

social security disability benefits. Walker further claims that Ryan conspired with co-defendants Peckler and Haney to violate his constitutional rights in violation of 42 U.S.C. § 1985(2).

Walker further claims that Boyle Circuit Judge Darren Peckler permitted Ryan to abuse the judicial process by filing the "counterclaim" in his habeas case, paving the way for Peckler's denying the habeas petition, fining Walker $1,000, and ordering that the $1,000 fine be deducted from Walker's prison inmate account. Walker further claims that Peckler's acts deprived him of his right of access to the courts, deprived him of his liberty (by denying his habeas corpus petition), and his property without due process of law (by imposing the $1,000 fine). Walker further claims that Peckler violated his right of access to the courts by directing the Clerk of the Court to accept no additional filings from him until he had paid the fines imposed. Finally, Walker claims that Peckler conspired to violate his civil rights in violation of 42 U.S.C. § 1985(2).

Finally, Walker complains that Steve Haney, the warden at the Northpoint Training Center ("NTC"), (1) deprived him of his right of access to the courts by abusing the process of the habeas corpus action; (2) deprived him of his personal property without due process by seizing a number of personal items such as clothes hangers, a calculator, extension cord, etc., which are allowed at other Kentucky prisons but not at NTC, and then subsequently placing these seized items in the trash; (3) deprived Walker of his television set on June 23, 2011, without due process in violation of the Fourteenth Amendment; (4) was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, by exposing him to asbestos while he was at NTC from August 9, 2010 to July 26, 2011, which endangered his health. Walker also claims that Haney violated 42 U.S.C. § 1985(2) by participating in a conspiracy with Ryan and Peckler for purpose of obstructing the due course of justice in the Boyle Circuit Court with the intent to deprive Walker of equal

3

protection of laws, denying him access to the courts, and denying him judicial review of his claim that the judgment of conviction in the Warren Circuit Court was void.

Walker also loosely describes other events, but his claims are not directed towards any particular defendant. Walker claims that (1) he was again denied his right of access to courts when he filed a second habeas corpus petition in Boyle Circuit Court in May of 2011; (2) the Boyle Circuit Court's October 4, 2010, and May 24, 2011, orders in his habeas proceeding are not entitled to full faith and credit; (3) the deduction of approximately $65 from his inmate account on August 3, 2011, to pay court-ordered fines deprived him of his property without due process of law and violated Corrections Policy and Procedure 15.7 because it exceeded 50% of the monies received; (4) the fines originally imposed were excessive in violation of the Eighth Amendment; and (5) his December 8, 1998 convictions in Warren Circuit Court are void *ab initio*.

## ANALYSIS

The Court considers Walker's claims in the order presented, beginning with his claims against Perry T. Ryan, Assistant Attorney General of Kentucky. Ryan represented the Commonwealth of Kentucky in rebutting and defending against the petitions for writs of habeas corpus Walker filed in Boyle Circuit Court. Based on Ryan's filings, the Boyle Circuit Court dismissed Walker's habeas petitions. Walker's claims against Ryan are based solely on the fact that the Commonwealth of Kentucky prevailed on its motion for summary judgment and/or to dismiss Walker's habeas petitions.

Ryan, in his role as an Assistant Attorney General in representing the Commonwealth of Kentucky, enjoys prosecutorial immunity. This immunity applies when the prosecutor acts as an advocate for the government by engaging in activities "intimately associated with the judicial phase

4

of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976), which includes trial and "post-conviction proceedings, direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003). Ryan acted as an advocate for the government as Assistant Attorney General when he filed a response to Walker's habeas corpus petitions in Boyle Circuit Court; therefore, he is entitled to immunity from suit because the complained-of activity is "intimately associated with the judicial phase of the criminal process" or performed in a "quasi-judicial" role. *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993), *cert. denied*, 114 S.Ct. 2742 (1994). Walker's claims against Ryan will be dismissed.

Walker's claims against Boyle Circuit Judge Darren Peckler must be dismissed because judges are absolutely immune from suit for actions taken routinely performed by a judge in his or her adjudicative capacity so long as the judge did not act in the clear absence of all jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *see also Stump v. Sparkman*, 435 U.S. 349, 356-62 (1978). Absolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if there are procedural errors. *Stump*, 435 U.S. at 359. Peckler's acts were purely judicial in nature, performed in the ordinary course of his duties as a judge administering cases in the Boyle Circuit Court. Peckler clearly enjoys judicial immunity.

As to Steve Haney, the warden at NTC, Walker complains that while confined at NTC several items of personal property were confiscated and that he received inadequate medical care. However, Walker does not claim that Haney *personally* performed the acts about which he complains. Instead, it appears that Walker's claims against Haney stem from policy decisions he may have made in his administrative and/or supervisory capacity as the warden. But the doctrine

5

of *respondeat superior* cannot create liability against a defendant in a civil rights action merely because one holds a supervisory position. *Ashcroft v. Iqbal*, 552 U.S. 662, 678 (2009); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Walker's claims against Steve Haney will be dismissed.

Walker's miscellaneous claims begin with his assertion that in May of 2011, he was again denied his right of access to courts when he filed a second habeas corpus petition in Boyle Circuit Court concerning his convictions in Warren Circuit Court. Walker does not specify how this right was denied. Because he filed the habeas petition, clearly his right of access to the courts was not violated. The fact that the Boyle Circuit Court denied that petition on the merits on May 24, 2011, rebuts any assertion that he was denied access to the courts to vindicate his rights, and his claim to the contrary will be dismissed.

Walker next claims that the orders of the Boyle Circuit Court issued on October 4, 2010, and May 24, 2011 in his habeas corpus actions are not entitled to full, faith and credit by the federal court in this action. To the extent that he wishes to challenge these Boyle Circuit Court orders, each of which imposed a $1,000.00 fine and directed the Clerk of the Court to accept no more filings from Walker until the fines had been paid, the *Rooker-Feldman* doctrine bars a federal court from hearing any challenge to those Orders. This doctrine, described as "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

6

However displeased Walker is with the imposition of the $1,000.00 fines or any other fine imposed by a state court, his remedy is not to seek relief from a federal district court. Instead, he must pursue appeals of that decision through Kentucky's appellate courts – to the level of the Commonwealth's Supreme Court – and then on to the Supreme Court of the United States.

Next, Walker claims that on July 29, 2011, a deposit was made to his prison inmate account from an outside source in the amount of $62.50, and that he was deprived of this property without due process of law when on August 3, 2011, the amounts of $12.56 and $52.54 were deducted from his account to pay previously-imposed fines. Walker also claims that the fines imposed were excessive and subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Walker also claims that these deductions were made in violation of CPP 15.7 because the deductions exceeded 50% of the monies received.

Walker's claim concerning the payments of his fines from a deposit of $62.50 to his inmate account will be dismissed for two independent reasons: (1) Walker failed to exhaust his administrative remedies by first filing a grievance regarding this alleged unauthorized deduction from his inmate account and appealing that grievance, if necessary, to its completion; and (2) this alleged deduction occurred on August 3, 2011, after Walker had been transferred to EKCC, and none of the defendants named by Walker had any control over Walker's inmate account at EKCC.

Finally, Walker continues to challenge his December 8, 1998 convictions in Warren Circuit Court, contending that these convictions are void *ab initio*. As previously noted, Walker did not file a direct appeal of his convictions in Warren Circuit Court. The federal district court is not authorized to consider a direct appeal from a criminal conviction in state court. The convicted defendant must pursue a direct appeal in state court and exhaust his state judicial remedies before

7

he can seek any relief from that conviction in a federal district court.  Federal district courts "may

not hear an appeal of a case already litigated in state court.  A party raising a federal question must

appeal a state court decision through the state system and then directly to the Supreme Court of the

United States."  *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (*citing District of*

*Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263

U.S. 413 (1923)).  For these reasons, this claim will be dismissed.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Walker's complaint [R. 2] is **DISMISSED WITH PREJUDICE**.

2.      This matter is **STRICKEN** from the docket.

3.      Judgment in favor of the named Defendants shall be entered contemporaneously with

this Memorandum Opinion and Order.



Signed By:
*Karen K. Caldwell*
United States District Judge